# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>               Plaintiff,<br><br>     v.<br><br>LEMON, *et al.*,<br><br>               Defendants. | Case No.  1:22-cv-01585-BAM (PC)<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL<br>(ECF Nos. 9, 11)<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br>(ECF No. 10)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 10, 2022 in the Sacramento Division of the United States District Court of the Eastern District of California.  (ECF No. 1.)  The action was transferred to the Fresno Division on December 12, 2022.  (ECF No. 14.)

Currently before the Court are Plaintiff's motion to appoint counsel, filed July 22, 2022, and Plaintiff's motion to amend the complaint, filed August 19, 2022.  (ECF Nos. 9, 10.)  On August 19, 2022, Plaintiff also filed a second motion to appoint counsel, which appears to be a photocopy of his July 22, 2022 motion.  (ECF No. 11.)

///

1

1    **I.       Motion to Appoint Counsel**

2           Plaintiff requests appointment of counsel because he is unable to afford counsel, his

3    imprisonment limits his ability to litigate, he has been denied access to the law library at his

4    institution, counsel would better enable Plaintiff to present evidence and cross examine witnesses

5    at trial, and Plaintiff has made repeated efforts to obtain a lawyer.  (ECF Nos. 9, 11.)  Plaintiff

6    also attaches exhibits in support of his allegations that he has been prevented from accessing the

7    law library at his institution due to the actions of prison staff.  (ECF No. 9.)  Plaintiff requests that

8    the Court appoint Jeff Ponting or Jennifer Gomez as counsel in this case.  (*Id.*)

9           Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

10   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

11   n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

12   U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298

13   (1989).  However, in certain exceptional circumstances the court may request the voluntary

14   assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

15          Without a reasonable method of securing and compensating counsel, the Court will seek

16   volunteer counsel only in the most serious and exceptional cases.  In determining whether

17   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

18   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

19   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

20          The Court has considered Plaintiff's request, but does not find the required exceptional

21   circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

22   made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

23   This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma*

24   *pauperis* almost daily.  Many of these prisoners also have limited access to law libraries and are

25   unable to hire counsel.  These litigants also must conduct legal research and litigate their cases

26   without the assistance of counsel.

27          Furthermore, at this stage in the proceedings, the Court cannot make a determination that

28   Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to

1  determine whether it states cognizable claims upon which it may proceed, and based on a review

2  of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his

3  claims.

4  **II.      Motion to Amend**

5          Plaintiff requests leave to file an amended complaint to add parties, submit summonses,

6  and to ask the Court for permission to bring a state matter to be handled together with his

7  complaint.  (ECF No. 10.)  Plaintiff states that since the filing of the complaint, Plaintiff has

8  determined the identities of certain defendants originally named as Doe Defendants, and has

9  determined that he needs to submit summonses so the defendants can be served.  (*Id.*)

10          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

11  pleading once as a matter of course at any time before a responsive pleading is served.

12  Otherwise, a party may amend only by leave of the court or by written consent of the adverse

13  party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

14  is very liberal and leave to amend shall be freely given when justice so requires."

15  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and

16  quotation omitted).  However, courts "need not grant leave to amend where the amendment:

17  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

18  litigation; or (4) is futile."  *Id.*

19          In considering the relevant factors, the Court finds no evidence of prejudice, bad faith,

20  undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no

21  defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to

22  amend shall be granted.  After it is filed, the first amended complaint will be screened in due

23  course.

24          Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

25  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

26  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual

27  allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell*

28  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

The Court further clarifies for Plaintiff that it is not necessary for him to submit any summonses.  If the first amended complaint is screened and found to state a cognizable claim against any defendant, the Court will advise Plaintiff as to the next steps required to proceed in this action.

## III.    Order

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to appoint counsel, (ECF Nos. 9, 11), are DENIED;

2.  Plaintiff's motion to amend, (ECF No. 10), is GRANTED;

3.  The Clerk of the Court is directed to send Plaintiff a complaint form;

4.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages** (or file a notice of voluntary dismissal); and

5.  **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **December 12, 2022**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

4