# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LEMON, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-01585-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>ECF No. 21<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 10, 2022 in the Sacramento Division of the United States District Court of the Eastern District of California. (ECF No. 1.) The action was transferred to the Fresno Division on December 12, 2022. (ECF No. 14.) Plaintiff moved for leave to file a first amended complaint and leave was granted. The Court screened Plaintiff's first amended complaint, and Plaintiff was granted leave to amend. Plaintiff second amended complaint, filed on February 21, 2023, is currently before the Court for screening. (ECF No. 21.)

**I.     Screening Requirement and Standard**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.  Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison in Sacramento, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP") and Salinas Valley State Prison ("SVSP"). Plaintiff names as defendants: (1) Kathleen Allison, California Department of Corrections and Rehabilitation, Secretary, (2) D. Williams, Sergeant, KVSP, (3) Mendoza, correctional officer, KVSP, (4) Allen, CC1 correctional counselor, KVSP, (5) J. Duran, I.G.I. correctional officer, KVSP, (6) J. Guerra, correctional officer, KVSP, (7) Jane Doe, correctional officer at SVSP. All individuals are sued in their individual and official capacities.

In claim 1, Plaintiff alleges deliberate indifference and failure to protect in violation of the

Eighth Amendment and violation of Due Process.  On 6/17/21, while Plaintiff appeared before (ICE) at SVSP Ad-Seg Unit Committee, Plaintiff notified Jane Doe correctional counselor and Warden T. Lemon that Plaintiff had safety concerns at KVSP.  If Plaintiff were to be sent to KVSP, Plaintiff's life would be in danger due to an ongoing lawsuit Plaintiff had against active duty KVSP officers.  Plaintiff feared that correctional officers or their co-workers will retaliate against Plaintiff or use other inmates to harm Plaintiff as they had done so in the past. Plaintiff requested from CC2 Jane Doe 2-9[1] Ad-Seg correctional counselor to help Plaintiff and not to send him to KVSP.  For Plaintiff's health and safety, if she sent him to KVSP and something were to happen to Plaintiff, she would be responsible.  CC2 Jane Doe failed to do her job and neglected Plaintiff's request, knowing the seriousness of Plaintiff's situation.  Defendant Jane Doe (CC3) still sent Plaintiff to KVSP without taking into consideration Plaintiff's health and safety and was deliberately indifferent to Plaintiff's life and safety.  CC2 Jane Doe was put on notice, was aware that Plaintiff's life could be in danger if she sent Plaintiff to KVSP, and she still sent Plaintiff to KVSP.  She knew the repercussions Plaintiff could suffer at KVSP and did suffer; all of which could have been avoided if Jane Doe CC2 had done her job and sent Plaintiff to another institution.  Plaintiff suffered physical and mental injuries, loss of property, harassment, and retaliation.

In claim 2, Plaintiff alleges a violation of the Fourteenth Amendment Equal Protection, failure to protect in violation of the Eighth Amendment and negligence.

On 8/12/21, when Plaintiff arrived at KVSP Receiving and Release, Plaintiff reported to defendant Sergeant D. Williams that Plaintiff had safety concerns due to an ongoing lawsuit Plaintiff had against active duty correctional officers currently working in Charlie yard. Defendant D. Williams was going to send Plaintiff to Charlie yard.  Plaintiff explained that the last time Plaintiff was housed in Charlie yard, correctional officers harassed and assaulted Plaintiff for which Plaintiff filed and had an ongoing lawsuit.  Plaintiff begged D. Williams not to send Plaintiff to Charlie yard or re-house Plaintiff in Ad-Seg while D. Williams investigated

---

[1] Plaintiff has not named as a defendant in the list of defendants Jane Does 2-9 correctional counselor. Fed.R.Civ.P. 10(a).  Nonetheless, the Court will liberally construe the allegations.

3

1   Plaintiff's allegations.  Plaintiff told D. Williams that officers or coworkers will retaliate against
2   Plaintiff by causing harm or will harass Plaintiff or use other inmates to harm Plaintiff.  D.
3   Williams said "no" you cannot do that, and Defendant was not going to help Plaintiff.  He sent
4   Plaintiff to Charlie yard where Plaintiff claimed he had safety concerns.  Plaintiff told D.
5   Williams that if anything happened to Plaintiff D. Williams would be responsible. In Charlie
6   yard, Plaintiff suffered physical and mental injuries, loss of personal property, loss of lawsuit,
7   suffered harassment and retaliation.
8          In claim 3, Plaintiff alleges violation of the Fourteenth Amendment Equal Protection,
9   violation of the Eighth Amendment and retaliation and excessive force. On about 10/11/21, while
10  housed at KVSP, building 8 on Charlie yard, cell #203 EOP Building, second watch control tower
11  officer Mendoza cracked Plaintiff's cell door open a little bit such that Plaintiff was able to stick
12  his hand out.  Mendoza always did that to tell and notify inmates that they had mental health
13  group.  As Plaintiff was waiting for Mendoza to fully open the door, an inmate worker
14  approached Plaintiff's front cell door and handed Plaintiff a CD with a CD case through the crack
15  of Plaintiff's cell door.  As Plaintiff reached to grab the CD, Defendant Mendoza immediately
16  shut Plaintiff cell door closed.  It was like Mendoza was purposely waiting for Plaintiff to put his
17  hand out so he could close the door.  Mendoza had done this in the past, and this was the third
18  time.
19          When Mendoza closed the door, Plaintiff's fingers got caught.  If Plaintiff had not pulled
20  his hand back, Plaintiff's whole hand would have gotten caught.  Plaintiff screamed and the
21  building worker screamed for Mendoza to open the door because Plaintiff's fingers were caught.
22  Plaintiff's hand was bleeding very badly and Plaintiff was in severe pain. Mendoza just laughed
23  and walked away from the section window.  Plaintiff's cellmate started screaming at Defendant
24  Mendoza to open the door because Plaintiff's hand was caught in the door.  Mendoza kept
25  ignoring their pleas by walking away from the tower section window.  The inmate worker went to
26  get the floor officers.  Officers Arellano and a female officer told Defendant Mendoza to open
27  Plaintiff's cell door so they could take Plaintiff to medical.
28          When Plaintiff was taken to the building rotunda medical to see the nurse to get something

4

to stop the bleeding.  The nurse gave Plaintiff some gauze to hold the blood and stop the bleeding because Plaintiff was bleeding with blood dripping down his fingers. The nurse asked Plaintiff to move his fingers, but he could not.

As Plaintiff was waiting, "Arellano and Defendant Mendoza tried to minimize and hurt me so I won't report this incident." Both officers said that they felt bad and if I didn't report any of the incident, they would give Plaintiff a building porter job.  Plaintiff responded with "okay" and Plaintiff knew the officers were doing it to bribe Plaintiff to keep the incident silent.

In claim 4, on 10/22/21, Defendant Officer J. Duran while working overtime in KVSP, C-8 building, denied plaintiff of his right to his scheduled phone call and also denied Plaintiff his right to work.  Defendant J. Duran knew Plaintiff from the last time Plaintiff was in KVSP and was aware that Plaintiff is suing some of Duran's co-workers.  So J. Duran kept Plaintiff inside his cell and denied Plaintiff access contact with his family and his worker hours. On 2/4/22 around third watch in KVSP, C-8 building, J. Guerra was in charge of inventorying and trans packing Plaintiff's personal property.  Defendant J. Guerra purposely and maliciously threw away half of Plaintiff's property and disposed of the rest of Plaintiff's property.  She also threw away Plaintiff's legal documents that were related to the lawsuit Plaintiff had against KVSP.

In claim 5, Plaintiff alleges failure to protect and deliberate indifference and negligence. Plaintiff wrote a notification letter to the Secretary of CDCR, Defendant Allison, notifying her of his safety concerns at KVSP.  Plaintiff asked Allison to help him while housed at SVSP and before his transfer to KVSP.  Plaintiff asked that the transfer to KVSP be stopped because Plaintiff's life would be in danger based upon the ongoing lawsuit against active duty KVSP correctional officers.  Plaintiff also put her on notice that if she failed to do her job and help Plaintiff, she would held accountable for what happens to Plaintiff.  "Defendant"[2] was harassed and physically hurt by KVSP officials because Defendant Allison failed to do her job and help Plaintiff.

As remedies, Plaintiff seeks compensatory and punitive damages, a restraining order, and

---

[2] The court believes that Plaintiff erroneously wrote "Defendant" when he meant to refer to himself as "Plaintiff."  (ECF No. 21, p. 9.)

declaratory relief.

**III.     Discussion**

With the exception of the claim described below, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies.

### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is relatively short, but it is not a plain statement of his claims showing that he is entitled to relief.  Many of Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved.  General assertions regarding who knew what about Plaintiff are not sufficient, and Plaintiff may not merely state the elements of a cause of action without providing any factual allegations in support of his claims.  For instance, Plaintiff does not state any facts of what happened to him once he was moved to KVSP, but instead alleges the was "harassed," "suffered physical and mental injuries," and lost property.  These are not factual allegations.  Further, Plaintiff improperly joins claims.  Plaintiff has been unable to cure this deficiency.

### B.     Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec.

11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff was informed that Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not bring multiple claims arising in different institutions, KVSP and SVSP. Claims arising in different institutions must be brought in different lawsuits. Merely because Plaintiff was concerned about his safety at different institutions does not make every injury or incident related.

In addition, Plaintiff was informed in the Court's prior screening order that "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint" (ECF No. 19, p. 15.) Plaintiff has added a new, unrelated claim of retaliation (claim 4) for being deprived of phone calls and work. This claim was not in the first amended complaint and is unrelated to the main claim regarding safety concerns in his move to KVSP. The Court declines to expend its already taxed resources to screen unrelated claims which were joined in violation of the Court's screening order. Plaintiff was previously informed that "if unrelated claims are joined, the Court will select which cognizable claim may proceed." (ECF No. 19 p. 6.)

### C.   Supervisory Liability

To the extent Plaintiff seeks to hold the Secretary liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the

constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff alleges that he wrote Defendant Allison for help in stopping the transfer and she did not help him. This allegation fails to establish she is personally involved in the constitutional deprivation. There is no allegation that Plaintiff actually sent the letter (he alleges he wrote it), or that Defendant Allison received and read the letter. Plaintiff merely relies on the supervising Defendant's responsibilities to ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677. Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

**D. Official Capacity**

Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Suits for injunctive relief are also generally barred. *See Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002); *Evans v. Diaz*, No. 1:22-CV-00291 ADA BAMPC, 2022 WL 17417816, at *8 (E.D. Cal. Dec. 5, 2022) (Plaintiff may not pursue his claims for monetary damages against Defendant Warden in his official capacity), report and recommendation adopted, No. 1:22-CV-00291 ADA BAM PC, 2023 WL 317287 (E.D. Cal. Jan. 19, 2023). Plaintiff cannot state a claim against the officers in their official capacities.

### E. Failure to Investigate

To the extent Plaintiff alleges that a failure to investigate his security concerns, violated his rights for an inadequate investigation, Plaintiff's claims are not a basis for a plausible §1983 claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019); *Drake v. Ibal*, No. 1:22-CV-01149 BAM PC, 2022 WL 18027808, at *8 (E.D. Cal. Dec. 30, 2022) (no claim for faulty investigation for removal of evidence from the investigative file).  To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (no constitutional claim for failing to investigate an appeal).  Plaintiff cannot cure this deficiency.

### F. Failure to Protect

The crux of Plaintiff's allegations is a failure to protect him from alleged harm.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833.  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety

by failing to take reasonable steps to abate it. *Id.* at 837.

The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Id.* at 842. Neither negligence nor gross negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4.

A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

Plaintiff must identify the individuals who he contends failed to protect him, and cannot refer to all as "Defendants." Plaintiff has only alleged that he told at KVSP Defendant D. Williams of Plaintiff's safety concerns. But Plaintiff has not alleged what happened and who was involved and link each named individual to the alleged constitutional violations. Each Defendant is entitled to know what conduct allegedly violated Plaintiff's rights. Plaintiff does not allege what happened to him and who was involved in being set up. Conclusory allegations are insufficient. Plaintiff has not alleged what each did or did not do that subjected Plaintiff to injury from unknown enemies. Indeed, the allegations do not assert what happened to him, who injured him, how was he injured or that Plaintiff was injured. Further, Plaintiff may not join this claim with other unrelated claims.

**H.**     **Eighth Amendment -Excessive Force and Deliberate Indifference to Medical Care**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual

Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

As to the medical care, a prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately

11

indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

Liberally construing the allegations in the second amended complaint, Plaintiff alleges an excessive force claim against Defendant Mendoza for the incident of closing the cell door on Plaintiff's fingers and deliberate indifference to medical care for failure to seek medical treatment by walking away despite repeated calls for help.

**I. Access to Courts**

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. *Lewis*, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

A plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. *Christopher v. Harbury,* 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.") A plaintiff must further identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the

remedy sought. Further, this claim is not properly joined with other unrelated claims. Plaintiff has been unable to cure this deficiency.

### J. Deprivation of Property

Plaintiff alleges that his property was taken.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. And "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to ... property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff appears to be alleging an unauthorized intentional deprivation of his property. As California law provides an adequate post-deprivation remedy, Plaintiff has failed to state a claim under the Due Process Clause for deprivation of his property.

### K. Retaliation

There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

" '[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he

suffered some other harm,' *Brodheim*, 584 F.3d at 1269, that is 'more than minimal,' *Robinson*, 408 F.3d at 568 n.11.  That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id*. at 569." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (alteration in original).

Plaintiff appears to allege numerous adverse actions, including that certain defendants tried to incite violence against Plaintiff and that someone helped orchestrate the theft of his legal papers and legal work.  However, Plaintiff's allegations are conclusory.  Moreover, while Plaintiff alleges that the adverse actions were done in retaliation, this is also conclusory.  He does not describe anything someone said or did specifically that would indicate that they took an adverse action based on Plaintiff filing lawsuits.  Plaintiff has not sufficiently alleged that any defendant took an adverse action against Plaintiff because he engaged in protected conduct. Further, Plaintiff fails to state a cognizable claim against Arellano and Mendoza, because, among other deficiencies, Plaintiff does not allege any adverse action by Arellano and Mendoza.  Plaintiff has been unable to cure these deficiencies.

**L. Equal Protection**

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).  This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose*, Engquist v. Oregon Department of Agr.,* 553 U.S. 591, 601-02, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008); *Village of Willowbrook v. Olech*, 528

U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not stated a cognizable equal protection claim.  Plaintiff does not allege that he was discriminated against because of his membership in any protected class.  He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Plaintiff has not provided any factual support for this claim. *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class).  Plaintiff has been unable to cure this deficiency.

**M. State Law Claims**

To the extent Plaintiff also alleges violations of California law, Plaintiff was informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde),* 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal.4th at 1244.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239.

As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to state a claim under California law.

Moreover, to the extent that defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See e.g*., *Nible v. Fink*,

828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

**IV.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendant Mendoza for excessive force for the incident of closing the cell door on Plaintiff's fingers and deliberate indifference to medical care for failure to seek medical treatment by walking away despite repeated calls for help. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other Defendants.

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed on February 21, 2023, (ECF No. 21), against Defendant Mendoza[3] for excessive force for the incident on October 11, 2021 of closing the cell door on Plaintiff's fingers and deliberate indifference to medical care for failure to seek medical treatment by walking away despite repeated calls for help, in violation of the Eighth Amendment; and

---

[3] Plaintiff alleges this incident occurred on October 11, 2021, while housed at KVSP, Building 8 on Charlie yard, cell #203, EOP Building, and Defendant Mendoza was Second Watch Control Tower Officer.

16

2. All other claims and defendants be dismissed, with prejudice, based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 15, 2023**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE