# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>         Plaintiff,<br><br>    v.<br><br>LEMON, *et al.*,<br><br>         Defendants. | Case No. 1:22-cv-01585-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 37) |

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Mendoza for excessive force and deliberate indifference to medical care in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 40.) This case is currently set for a video settlement conference before Magistrate Judge Stanley A. Boone on November 17, 2023 at 10:00 a.m.

On October 3, 2023, Plaintiff filed a renewed motion for appointment of counsel. (ECF No. 37.) Specifically, Plaintiff requests appointment of counsel for the settlement conference. Plaintiff states that he does not know how to file a settlement conference statement letter, does not have any knowledge of the law, and can barely write in English as his first language is Spanish and he has a TABE score of 5.8. In addition, Plaintiff has had difficulty accessing the law library

1  because the institution is short on staff and there is no program and movement.  Plaintiff has tried
2  to reach out to pro bono attorneys and has not had any results yet.  Plaintiff also requests legal
3  assistance in preparing a response to Defendant's answer, as well the schedule for this case.  (*Id.*)
4        As Plaintiff was previously informed, he does not have a constitutional right to appointed
5  counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on*
6  *other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
7  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
8  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
9  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
10 1525.
11       Without a reasonable method of securing and compensating counsel, the Court will seek
12 volunteer counsel only in the most serious and exceptional cases.  In determining whether
13 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
14 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
15 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).
16       The Court has considered Plaintiff's request, but does not find the required exceptional
17 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
18 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
19 This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma*
20 *pauperis* almost daily.  Many of these prisoners also have limited access to law libraries and are
21 unable to hire counsel.  These litigants also must conduct legal research and litigate their cases
22 without the assistance of counsel.
23       Furthermore, at this stage in the proceedings, the Court cannot make a determination that
24 Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint has been found to state
25 cognizable claims upon which it may proceed, this does not mean that Plaintiff will succeed on
26 the merits of the case.  Finally, based on a review of the record in this case, the Court does not
27 find that Plaintiff cannot adequately articulate his claims.  Despite Plaintiff's assertion that he is
28 barely able to write in English, the Court has found Plaintiff's filings to be coherent and easy to

understand.

With respect to Plaintiff's remaining inquiries, Plaintiff is informed that the Court has not ordered a reply to Defendant's answer, and therefore there is no deadline for filing any response to the answer. Furthermore, the only pending deadline relates to the filing of the settlement conference statement for the November 17, 2023 settlement conference. The settlement conference statement should include the information listed in the Court's order setting this matter for a settlement conference. (ECF No. 36, p. 4.) If the case does not settle, the Court will issue a further order informing Plaintiff of any future deadlines in this action.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 37), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **October 16, 2023**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE