# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MENDOZA,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-01585-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 58) |

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Mendoza for excessive force and deliberate indifference to medical care in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF No. 40.)

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed February 26, 2024. (ECF No. 58.) Plaintiff states that he is unable to afford counsel, and his imprisonment will greatly limit his ability to litigate. Plaintiff states that he is suffering retaliation from CSP-Sac A-Yard correctional officers, who repeatedly conduct random searches of Plaintiff's cell, taking Plaintiff's legal documents, ripping them apart, throwing them away, and documenting them on the cell search receipt as "miscellaneous trash." Plaintiff believes this retaliation is a result of Plaintiff giving a witness statement to Internal Affairs and the Sacramento

1

County D.A. about Plaintiff's best friend being murdered in the CSP-Sac A-Yard. Plaintiff is only able to do his legal work at the law library, and must ask his AdSeg neighbors to mail his documents to the courts because Plaintiff fears officers will throw away his mail. Plaintiff has limited access to the law library and limited knowledge of case rules, policy, and law. Counsel would better enable Plaintiff to present evidence and cross examine witnesses at trial. The officers who have been retaliating against Plaintiff also took Plaintiff's tablet and told Plaintiff they were going to get him a new tablet, but have not returned his tablet. Plaintiff has made repeated but unsuccessful attempts to obtain a lawyer. (*Id.*)

Although Defendant has not yet had an opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners with limited access to legal resources and the law library. These prisoners must also litigate their cases without the assistance of counsel.

///

     Furthermore, to the extent Plaintiff believes he is suffering from retaliation at the hands of correctional officers, he has other avenues of relief available to him, including filing a grievance or a separate civil rights action. The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. Plaintiff has not alleged that any of the legal documents that were allegedly destroyed related to this lawsuit, described how he has been unable to litigate or meet any required deadlines in this action, or otherwise explained how appointment of counsel would assist Plaintiff with the alleged actions of the correctional officers.

     Finally, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

     Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 58), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 26, 2024**     /s/ *Barbara A. McAuliffe*  
                                                                        UNITED STATES MAGISTRATE JUDGE