1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA, | Case No. 1:22-cv-01585-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| MENDOZA, | (ECF No. 60) |
| Defendant. | |

## I.      Introduction

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Mendoza for excessive force and deliberate indifference to medical care in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 40.)

On March 25, 2024, Plaintiff filed a motion for leave to file an amended complaint.  (ECF No. 60.)  Defendant Mendoza did not file a response, and the deadline to do so has expired.  The motion is deemed submitted.  Local Rule 230(l).

## II.      Motion to Amend

### A.      Legal Standards

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

Otherwise, a party may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *Id.*  These factors do not carry equal weight.  Prejudice is the most important factor to consider.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B.      Discussion**

In his motion, Plaintiff requests leave to file an amended complaint to fix and add new arguments and relief.  (ECF No. 60, p. 1.)  The remainder of the filing appears to be Plaintiff's proposed amended complaint.

In light of Defendant's apparent non-opposition to Plaintiff's request, the Court does not find that there would be prejudice to Defendant or that the amendment is sought in bad faith.

However, Plaintiff's motion is untimely.  Pursuant to the Court's November 20, 2023 discovery and scheduling order, all stipulated amendments or motions to amend were to be filed by February 20, 2024.  (ECF No. 50.)  Although Plaintiff has previously sought extensions of time, those requests were denied because he did not ask for an extension of any particular deadline or explain why an extension was necessary.  (ECF Nos. 53, 55.)  Plaintiff's recent request for extension of time to amend the pleadings was also denied based on Plaintiff's failure to explain why an amendment was necessary.  (ECF No. 57.)  As such, permitting an amendment at this late date, with no cause or good cause presented, would produce an undue delay in litigation.

Furthermore, having reviewed the proposed amended complaint, the Court finds that amendment would be futile.  Plaintiff cites to Federal Rule of Civil Procedure 19, but continues to name only Defendant Mendoza as a defendant.  The remaining factual allegations otherwise do not appear to materially change Plaintiff's existing claims in any way.  While Plaintiff states that he wishes to add new arguments and relief, the only new arguments appear to be state law claims

2

1   for assault and battery, a violation of Plaintiff's Fourteenth Amendment rights "to be safe and

2   secure on its own place or placement," and a request to file criminal charges against Defendant

3   Mendoza.  (ECF No. 60.)

4          With respect to Plaintiff's purported state law claims, the proposed amended complaint

5   fails to allege compliance with California's Government Claims Act, which requires that a claim

6   against the State or its employees "relating to a cause of action for death or for injury to person"

7   be presented to the Department of General Services' Government Claims Program no more than

8   six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–

9   950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions

10  precedent to suit.  *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004);

11  *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim

12  against a public entity or employee, a plaintiff must allege compliance with the Government

13  Claims Act.  *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles*

14  *Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has failed to do so, and therefore the

15  proposed amended complaint does not state any claims under California state law.

16         As Plaintiff was a prisoner at the time of the events alleged, any claim he seeks to make

17  under the Fourteenth Amendment regarding the use of force or insufficient medical care falls

18  under the Eighth Amendment.  As Plaintiff is already proceeding on Eighth Amendment claims

19  for excessive force and deliberate indifference, a Fourteenth Amendment claim is not necessary.

20         Finally, Plaintiff has no constitutional right to have another person criminally prosecuted.

21  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially

22  cognizable interest in the prosecution or nonprosecution of another").  Criminal statutes generally

23  do not provide a private cause of action or a basis for civil liability.  *See, e.g.*, *Aldabe v. Aldabe*,

24  616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action

25  and cannot form basis for civil suit).  When a criminal statute is violated, the question of whether

26  to prosecute and what criminal charges to file or bring are decisions that generally rest in the

27  discretion of the prosecutor, not the Court.  *United States v. Batchelder*, 442 U.S. 114, 124

28  (1979).  It would therefore be futile to permit Plaintiff to file an amended complaint seeking this

3

relief against Defendant Mendoza.

As Plaintiff's proposed amended complaint would not add any cognizable claims that can proceed in this action, the Court finds that granting leave to amend would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court will not expend additional resources screening an untimely amended complaint that fails to state additional cognizable claims and would unduly delay this action.

**III.    Order**

Based on the foregoing, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion for leave to amend the complaint, (ECF No. 60), is DENIED;

2.  Plaintiff's second amended complaint, filed February 21, 2023, (ECF No. 21), remains the operative complaint; and

3.  This action proceeds on Plaintiff's second amended complaint against Defendant Mendoza for excessive force and deliberate indifference to medical care in violation of the Eighth Amendment only.

IT IS SO ORDERED.

Dated:   **April 22, 2024**                    /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE