# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA, | Case No. 1:22-cv-01585-BAM (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR POSTPONEMENT OF DEPOSITION AND REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | |
| MENDOZA, | |
| Defendant. | (ECF No. 64) |

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Mendoza ("Defendant") for excessive force and deliberate indifference to medical care in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF No. 40.)

Currently before the Court is Plaintiff's opposition to Defendant's motion to depose Plaintiff, filed July 10, 2024. (ECF No. 64.) Plaintiff requests that the deposition, scheduled to take place on July 10, 2024, be postponed under the Fifth Amendment until Plaintiff can find an attorney or the Court appoints him counsel to represent him during the deposition. Plaintiff fears he might say something self-incriminating, damage Plaintiff's case, or contradict Plaintiff at trial. (*Id.*)

///

1

Defendant has not had an opportunity to respond to Plaintiff's motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

As the Court did not receive Plaintiff's motion until the day of the scheduled deposition, Plaintiff's request to postpone the deposition is denied, without prejudice, as moot.  Furthermore, Plaintiff's reliance on the Fifth Amendment right against self-incrimination, which applies to testimony that might be used against him in a criminal action, appears to be misplaced.  The instant case is a civil action, and Plaintiff does not have a right to avoid a deposition simply because it might damage his civil case.  Plaintiff does not appear to argue that he is concerned that his deposition testimony might lead to any criminal charges being brought against him, but Plaintiff is reminded that while the Fifth Amendment gives him the right not to provide self-incriminating testimony, it does not allow him to avoid his responsibility to attend and meaningfully participate in a deposition in this case.

Plaintiff is further reminded that depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ."  Fed. R. Civ. P. 30(a)(1).  A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37.  Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

With respect to Plaintiff's request for appointment of counsel to represent him at a deposition, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

2

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners who must attend and participate in depositions.  These prisoners must also litigate their cases without the assistance of counsel.

Finally, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits.  Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Based on the foregoing, Plaintiff's motion for postponement of his deposition and for appointment of counsel, (ECF No. 64), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 12, 2024**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE