1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MENDOZA,<br><br>                    Defendant. | Case No.  1:22-cv-01585-BAM (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SIXTY-DAY EXTENSION OF TIME TO COMPLETE DISCOVERY AND TO DEPOSE AND COMPEL DEFENDANT MENDOZA<br>(ECF No. 66)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER<br>(ECF No. 67)<br><br>Discovery Deadline: **September 20, 2024**<br>Dispositive Motion Deadline: **December 2, 2024** |

## I.      Introduction

Plaintiff Esmeling L. Bahena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Mendoza ("Defendant") for excessive force and deliberate indifference to medical care in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 40.)

Pursuant to the Court's November 20, 2023 Discovery and Scheduling Order, the deadline for completion of discovery was July 22, 2024,[1] and the deadline for filing all dispositive motions

---

[1] The original discovery deadline was July 20, 2024.  (ECF No. 50.)  As this date falls on a Saturday, the deadline is

1   (other than a motion for summary judgment for failure to exhaust) is September 30, 2024.  (ECF
2   No. 50.)

3   **II.     The Parties' Motions**

4          Currently before the Court are Plaintiff's motion for a sixty-day extension of time to
5   complete all discovery and to depose and compel Defendant Mendoza, and Defendant's motion to
6   modify the discovery and scheduling order to depose Plaintiff, both filed July 22, 2024.  (ECF
7   Nos. 66, 67.)  Although neither party has had the opportunity to file a response, the Court finds
8   further briefing unnecessary.  The motions are deemed submitted.  Local Rule 230(l).

9          In his motion, Plaintiff requests a sixty to ninety-day extension of the discovery deadline
10  so that he may complete discovery, depose Defendant, and file a motion to compel regarding
11  previously-requested documents.  (ECF No. 66.)  Plaintiff states that an extension is necessary
12  because he is currently litigating two other cases, and it is difficult for Plaintiff to attend the law
13  library.  Plaintiff also alleges that he is facing retaliation from officers at his institution, who are
14  throwing away his mail or not turning in his mail to be sent.  Plaintiff was recently admitted to a
15  mental crisis hospital and is pending transfer to a mental health hospital.  Due to his imminent
16  transfer, Plaintiff's property will be transpacked and it may take thirty to sixty days for him to
17  receive his property, including his legal paperwork and documents, once he arrives at the new
18  facility.  (*Id.*)

19         Defendant, in turn, requests a modification of the Discovery and Scheduling Order to
20  extend the deadline to take Plaintiff's deposition and file any corresponding motion to compel,
21  and to file any dispositive motions, by thirty days.  (ECF No. 67.)  Defendant states that during
22  Plaintiff's properly-noticed July 10, 2024 deposition, the parties agreed to postpone Plaintiff's
23  deposition by 30 days pending resolution of Plaintiff's request for postponement of the deposition
24  and request for appointment of counsel.  That motion was filed with the Court later the same date
25  and was denied without prejudice on July 12, 2024.  (ECF Nos. 64, 65.)  Defendant states that
26  good cause exists for the requested modification because defense counsel has worked diligently to

27  _____

28  extended to the next day that is not a Saturday, Sunday, or legal holiday, which is July 22, 2024.  Fed. R. Civ. P.
    6(A)(1)(C).

2

1    analyze and develop defenses, assess the basis and viability of a motion for summary judgment,

2    and prepare to depose Plaintiff during the discovery phase.  (ECF No. 67.)  Defendant has

3    attached a certified copy of the deposition transcript from July 10, 2024.  (*Id.*, Ex. A.)  While the

4    parties agreed to a thirty-day extension to allow the Court to rule on Plaintiff's pending motion

5    for appointment of counsel and to complete Plaintiff's deposition at a later date, they did not

6    discuss extending the dispositive motion deadline or agree to an extension greater than thirty

7    days.  (*Id.*)  Defendant requests a thirty-day extension of time, until August 21, 2024, to take

8    Plaintiff's deposition and file any motion to compel, and until October 30, 2024, to file any

9    dispositive motions.  (ECF No. 67.)

10   **III.    Discussion**

11            Having considered the requests, the Court finds good cause to grant, in part, the requested

12   modifications of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  After agreement by the parties,

13   Plaintiff's deposition was not completed on July 10, 2024, although Defendant was diligent in

14   properly noticing Plaintiff's deposition prior to the original discovery deadline.  Thus, the Court

15   grants Defendant's request to extend the discovery deadline to allow Defendant to take Plaintiff's

16   deposition and file any motion to compel related to the deposition.  The Court further finds that,

17   in light of Plaintiff's imminent transfer and lack of access to his legal property, an extension of

18   sixty days, rather than thirty, is appropriate.  Plaintiff informed defense counsel of his intention to

19   request an extension of at least sixty days at the time of the July 10, 2024 deposition, but

20   Defendant did not argue in their own motion that they would be prejudiced by a longer extension.

21   The Court therefore finds that Defendant will not be prejudiced by the longer extension granted

22   here.

23            The dispositive motion deadline will also be extended by sixty days.  In light of Plaintiff's

24   request that discovery be extended by sixty to ninety days, the Court finds that Plaintiff will not

25   be prejudiced by extension of this deadline.

26            Plaintiff's requested modifications are granted in part and denied in part.  Plaintiff will be

27   permitted to file a motion to compel relating to any outstanding discovery requests, **so long as**

28   **those discovery requests were served on Defendant prior to the original July 22, 2024**

**discovery deadline**.  However, with respect to any new discovery requests, such as noticing and taking Defendant Mendoza's deposition, Plaintiff has not explained why he waited until just days before the end of discovery to request an extension of this deadline.  Plaintiff also has not demonstrated that he was diligent in attempting to take Defendant's deposition prior to this date, or that he was otherwise prevented from conducting this discovery before the original deadline. Therefore, Plaintiff's request to extend the discovery deadline to take Defendant's deposition, or to serve any new discovery requests, is denied.

Finally, in light of the discussion between Plaintiff and defense counsel during Plaintiff's July 10, 2024 deposition, the Court notes that Plaintiff is **required** by the Federal Rules of Civil Procedure and this Court's order to participate in a deposition that is properly noticed.  As stated in the Court's November 20, 2023 Discovery and Scheduling Order, "Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)."  (ECF No. 50, p. 2.)  So long as proper notice is provided to Plaintiff, Plaintiff's participation in his deposition is required.  No further Court order is necessary.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for 60-day extension of time to complete discovery and depose and compel Defendant Mendoza, (ECF No. 66), is GRANTED IN PART;

2.  Defendant's motion to modify the scheduling order, (ECF No. 67), is GRANTED;

3.  The deadline for completion of discovery is extended from July 22, 2024 to **September 20, 2024**, for the **limited purposes** of:

    a.  Allowing Defendant to take Plaintiff's deposition and file any necessary motion to compel; and

    b.  Allowing Plaintiff to file any necessary motion to compel **related only to discovery requests served on Defendant prior to July 22, 2024**;

///

4

4.  The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from September 30, 2024 to **December 2, 2024**; and

5.  **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**.

IT IS SO ORDERED.

Dated:   **August 2, 2024**                    /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE